Argued and submitted February 15, reversed and remanded for reconsideration
March 20, 1991

In the Matter of the Compensation of
Reubin B. Coleman, Claimant.

Reubin B. COLEMAN,
*Petitioner,*

*v.*

PACCAR-WAGNER MINING,
*Respondent.*

(WCB No. 87-16252; CA A63165)

807 P2d 343

Michael D. Royce, Portland, argued the cause for petitioner. On the brief were Daina Upite and Royce, Swanson & Thomas, Portland.

G. Joseph Gorciak, Portland, argued the cause for respondent. With him on the brief was Terrall & Miller, Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

### DE MUNIZ, J.

Claimant seeks review of an order of the Workers' Compensation Board sustaining employer's denial of an occupational disease claim for a respiratory condition. Because we conclude that the Board's decision is not supported by its findings, we reverse and remand.

Claimant experiences respiratory symptoms when exposed to rust inhibitors used by employer. Several doctors have examined claimant, and all agree that his symptoms are brought on by the on-the-job exposure, either directly or because of a "neuropsychiatric" response. The point of. dispute appears to concern the significance of the fact that the evidence does not show that claimant is allergic to the chemicals used in those products, only that he experiences irritation when exposed to them. No doctor has ever suggested that claimant's symptoms are not brought on by the exposure.

The Board first found that the evidence does not establish that claimant has a preexisting respiratory condition. Relying on the opinion of Dr. Bardana, it then found that he has not established that his work exposure is the major contributing cause of his respiratory condition. Bardana reported that, although the on the job exposure had resulted in "transient mucous membrane irritational syndrome," he does not have an occupational disease. Bardana did not, as the Board's opinion suggests, attribute claimant's symptoms to off-the-job exposures, such as smoke, dog hair, exhaust, dust and exhaust or dust and oils. Rather, Bardana believed that claimant has a mild form of chronic sinusitis that became symptomatic as a result of, but was not changed by, his on-the-job exposure to rust inhibitors. If, as Bardana apparently believes, claimant has a mild form of chronic sinusitis, that is a preexisting condition; the Board's reliance on Bardana's opinion is inconsistent with its finding that claimant does not suffer from a preexisting condition. On remand, the Board must clarify that apparent inconsistency.

Reversed and remanded for reconsideration.